UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

_____

ANNABELLE SEGOVIA,

    Plaintiff,

v.

DIRK RODRIGUEZ,
SONA RAJESH NAMBIAR,
MARSH LANE SURGICAL HOSPITAL,
LLC d/b/a Plano Surgical Hospital

    Defendants.

No. 2:17-cv-00609-BRB-GBW

_____

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR WANT OF PERSONAL JURISDICTION
_____

Plaintiff Annabelle Segovia filed suit against Defendant Marsh Lane Surgical Hospital d/b/a Plano Surgical Hospital, Defendant Dr. Dirk Rodriguez, and Defendant Dr. Sona Rajesh Nambiar in the District of New Mexico, alleging negligence in their care of Plaintiff. Defendants filed motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, the Court grants Defendants' motions to dismiss for lack of personal jurisdiction.

The burden of proof is on Plaintiff to establish personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th

Cir. 1998). In our case, Plaintiff need only make a prima facie showing of personal jurisdiction to defeat Defendants' motions to dismiss. *Id.* She may do this by establishing by way of affidavits or other written materials facts that, if true, would support jurisdiction over Defendant. *Id.* This Court must accept as true the allegations set forth in Plaintiff's complaint to the extent they are uncontroverted by Defendants' affidavits. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). Therefore, to determine whether this Court has personal jurisdiction over Defendants, the Court may consider the facts alleged in the complaint, affidavits, and briefs.

I.

The facts as revealed in these documents indicate that in February 2016, Plaintiff, a resident of New Mexico, consulted with Defendant Rodriguez, a resident of Texas, about weight loss options. Plaintiff accessed the doctor's website and the two communicated via email. Defendant Rodriguez emailed Plaintiff an informed consent form, a cancellation policy, and a receipt of payment. In one email, Defendant Rodriguez confirmed he would perform the surgery at Defendant Hospital in Plano, Texas. On March 4, 2016, Defendant Rodriguez performed surgery on Plaintiff. Soon after surgery ended, Defendant Nambiar, also a resident of Texas, saw Plaintiff in recovery and noted she could "be discharged home later today if pain and nausea controlled." (Docket #6, at 2.) No one performed post-operative labs on Plaintiff. The hospital discharged her less than seven hours after surgery, and she returned to New Mexico. The next day, Plaintiff felt extreme gastrointestinal pain and went to the emergency room in Carlsbad, New

Mexico. After nearby medical centers denied her request to transfer, Plaintiff was airlifted from Carlsbad to Dallas and taken back to Defendant Hospital, where she remained for the next five days. Plaintiff subsequently filed suit against Defendants in the District of New Mexico. Defendants responded by filing motions to dismiss for lack of personal jurisdiction.

II.

To exercise personal jurisdiction over an out-of-state defendant, a federal court sitting in diversity must comply with the forum state's long-arm statute and the federal due process clause. "New Mexico's long-arm 'statute extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible.'" *Res. Assocs., Inc. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1220 (D. N.M. 2016) (quoting *Tercero v. Roman Catholic Diocese*, 132 N.M. 312, 48 P.3d 50 (2002)). Therefore, satisfying due process will also satisfy New Mexico's long-arm statute.

Due process requires a court to have either general or specific jurisdiction over a defendant. Plaintiff alleges this Court has specific jurisdiction over Defendants. (Docket #11, at 3.) "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). For a court to exercise specific jurisdiction over a defendant, (1) the defendant must have "minimum contacts" with the forum state such that he "should reasonably anticipate being haled into court" there, and (2) jurisdiction must comport with "traditional notions of fair play and substantial justice." *Monge v. RG Petro-Machinery (Group) Co.*, 701

3

F.3d 598, 613 (10th Cir. 2012) (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004)). For the "minimum contacts" requirement, a court must consider whether the plaintiff "purposefully availed" himself of the privilege of conducting business in the forum state or "purposefully directed" actions toward residents of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74 (1985). The Tenth Circuit has applied this standard specifically to the doctor-patient litigation context by distinguishing between nonresident doctors who "become involved in another state not as a result of their intention but, rather, as a result of the action of their out-of-state patients" and "nonresident doctors where they *purposefully directed* their actions at plaintiffs' states." *Kennedy v. Freeman*, 919 F.2d 126, 129 (10th Cir. 1990) (emphasis added).

While one can make a reasonable—albeit not a strong—argument this Court has jurisdiction over Defendant Rodriguez, no such argument can be made regarding Defendant Nambiar or Defendant Hospital. Plaintiff alleges *no* facts establishing *any* contact between Defendant Nambiar and New Mexico. Thus, she utterly fails to make a prima facie showing of personal jurisdiction over him. Plaintiff argues Defendant Hospital has minimum contacts with New Mexico *solely* based on Defendant Rodriguez's email to Plaintiff stating he would perform surgery at Defendant Hospital. (Docket #14, at 1–2.) This is clearly insufficient to establish the requisite minimum contacts. First of all, Defendant Hospital might not have even known the email existed. Second, the email merely mentions Defendant Hospital. This is wholly insufficient to establish Defendant Hospital "purposefully directed" his actions at New Mexico.

4

Therefore, Plaintiff has also failed to make a prima facie showing that this Court has jurisdiction over Defendant Hospital.

As for Defendant Rodriguez, Plaintiff argues he "intentionally directed" his services to Plaintiff in New Mexico through "advertis[ing] his medical services on an Internet website that reached New Mexico residents." (Docket #11, at 2.) Unfortunately for Plaintiff, the Tenth Circuit has made clear "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). Furthermore, the Tenth Circuit has also stated that in the internet context, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* Nothing on Defendant Rodriguez's website suggests he deliberately directed his message at an audience in New Mexico. *See Kennedy*, 919 F.2d at 129. All Plaintiff has shown is Defendant Rodriguez has a website with links to social media outlets, not targeted toward any particular state or market. This is insufficient under Tenth Circuit precedent to establish this Court may exercise personal jurisdiction over Defendant Rodriguez. *See Shrader*, 633 F.3d at 1241.

Plaintiff also argues Defendant Rodriguez purposefully availed himself of conducting business in New Mexico by sending "email correspondence and informed consent and cancellation policy (contractual) documents to Plaintiff in New Mexico via the Internet." (Docket #11, at 2.) Even if those documents alone establish a contract was

5

formed, "an individual's contract with an out-of-state party" cannot alone establish sufficient minimum contacts to satisfy due process. *Burger King Corp.*, 471 U.S. at 545. Instead, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" must be considered. *Id.* In viewing the surrounding circumstances of a contract formed between parties in different states, the Tenth Circuit has considered whether the parties had an ongoing business relationship, whether any part of the contract would take place in the forum state, and whether the out-of-state defendant pursued the plaintiff in the forum state. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2014) (holding minimum contacts existed between a Canadian defendant and Colorado where the defendant had done business with the Colorado plaintiff for six years, the defendant sent representatives to Colorado, the defendant pursued the plaintiff in Colorado, and the parties partially performed the contract in Colorado). This list is by no means exclusive, and every analysis of personal jurisdiction is highly fact-specific. *Id.* at 1076.

Nothing about the circumstances surrounding the contract formation establishes this Court may exercise personal jurisdiction over Defendant Rodriguez. First of all, nothing in the record suggests the parties had an ongoing relationship. The parties' first contact appears to have been about the surgery only one month prior to surgery. Second, no part of the contract was performed in New Mexico. While the effect of the surgery might have been felt in New Mexico, the doctor performed the surgery in Texas. Third, while Plaintiff alleges Defendant initiated contact with her through his website, which is accessible throughout the world, Plaintiff first accessed the website, seeking out

Defendant Rodriguez's services. (Docket #10, at ¶ 10.) Defendant Rodriguez does not advertise in any New Mexico newspaper, phone book, or television ad. (Docket #10, at ¶¶ 7–8.) These considerations indicate Defendant Rodriguez did not purposefully direct his actions at New Mexico. Rather, Defendant Rodriguez's insufficient contact with New Mexico came about as a result of Plaintiff's actions. Therefore, Plaintiff has failed to show the minimum contacts required for this Court to exercise personal jurisdiction over Defendant Rodriguez.[1] In sum, Plaintiff, as to all three Defendants, has failed to set forth facts that would support jurisdiction over them and thus has failed to make a prima facie showing of this Court's personal jurisdiction over Defendants.[2]

### III.

Lacking personal jurisdiction over Defendants, this Court now faces the question of whether it should dismiss the case or transfer it to a court that may properly exercise

---

[1] This holding is consistent with other decisions. *See, e.g.*, *Wright v. Yackley*, 459 F.2d 287, 289–90 (9th Cir. 1972) ("Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it."); *Gelineau v. N.Y. Univ. Hosp.*, 375 F. Supp. 661, 667 (D.N.J. 1974) ("[I]t would be fundamentally unfair to permit a suit in whatever distant jurisdiction the patient may carry the consequences of his treatment, or the client the consequences of the advice rendered.")

[2] Plaintiff wisely does not suggest this Court has general jurisdiction over Defendants. For a court to exercise general jurisdiction, the defendant must have affiliations with the forum state that are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear*, 564 U.S. at 919. This is clearly not the situation here. Plaintiff alleges no affiliations between Defendant Nambiar and New Mexico. She alleges that Defendant Hospital's affiliation with New Mexico is that Plaintiff received an email in New Mexico, not even from Defendant Hospital, that mentioned Defendant Hospital. As for Defendant Rodriguez, Plaintiff alleges he has a website accessible by New Mexico residents and sent emails to a New Mexico resident. This is far from being "essentially at home" in New Mexico.

jurisdiction. Defendants state the case should be dismissed. They only sought to transfer the case in the event that this Court concluded it could exercise personal jurisdiction over Defendants. (Docket #8, at 1; Docket #12, at 2; Docket #23, at 1.) Plaintiff, on the other hand, states dismissal is improper and that this case should be transferred. (Docket #24, 2.) She cites no authority to support this proposition and does not clarify under which federal statute or rule she believes this Court should transfer the case. Since this Court does not have personal jurisdiction, the most appropriate way to transfer the case would be pursuant to 28 U.S.C. § 1631. *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (explaining § 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction"). When a court lacks jurisdiction, this section allows the court to "if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

Factors to consider in determining whether transfer is "in the interest of justice" include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222 n.16 (10th Cir. 2006)). For the first factor, a finding the claim would be time barred in the proper forum "militat[es] in favor of transferring in the interest of justice." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Plaintiff herself acknowledges the statute of limitations for her claim has not run,

nor does it appear to this Court it will run until March 2018.  *See* TEX. CIV. PRAC. & REM. CODE § 74.251 (2017) (two-year statute of limitations on health care liability claims).  Therefore, this factor does not weigh in favor of transferring the case.

As to the second factor, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."  *Haugh*, 210 F.3d at 1150.  While this Court takes no position on the merits of this case, based on the few facts alleged in the complaint, this case is not necessarily "clearly doomed."  Thus, this factor weighs in favor of transferring.

As to the third factor, Plaintiff should have realized the District of New Mexico unquestionably lacks personal jurisdiction over Defendant Nambiar and Defendant Hospital.  As previously noted, Plaintiff made no argument this Court has jurisdiction over Defendant Nambiar and a weak argument this Court has jurisdiction over Defendant Hospital.  Furthermore, a substantial portion of Plaintiff's argument regarding Defendant Rodriguez contradicted applicable law.  *See Shrader*, 633 F.3d at 1241.  Since this Court clearly lacked the requisite jurisdiction at the time of filing, this factor weighs against transferring the case.  *See In re Cline*, 531 F.3d at 1252.  Considering two factors weigh against transferring, "the interest of justice" does not require this Court to transfer the case.  Rather, dismissal is proper.

IV.

Lastly, Plaintiff makes two requests in her responses to Defendants' motions to dismiss.  Without explaining what kind of facts Plaintiff would expect to uncover,

9

Plaintiff requests an opportunity to discover additional facts that would support jurisdiction over Defendants. Plaintiff essentially requests a fishing expedition in a single sentence at the end of her responses. This Court "does not abuse its discretion in denying a request for jurisdictional discovery set forth in a response to a motion to dismiss when the plaintiff fails to file a formal supported motion." *Turner W. Branch, P.A. v. Osborn*, No. 13-00110, 2014 WL 12593991, *9 (D.N.M. March 26, 2014). Furthermore, Plaintiff gives no indication further discovery would reveal any facts that would establish this Court's personal jurisdiction over Defendants. *See id.* Therefore, this request is denied.

Plaintiff also includes in her responses a single sentence asking this Court for leave to amend her complaint. This request was not accompanied by a proposed Second Amended Complaint, as required by this Court's local rules of civil procedure. *See* D.N.M.LR-Civ. 15.1. That insufficiency alone is reason enough to deny this motion. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Furthermore, assuming Plaintiff would amend her complaint to allege the additional facts she set forth in her response briefs and affidavit, this amendment would be futile. As discussed above, those additional facts do not give rise to personal jurisdiction. Therefore, the motion to amend is denied.[3]

---

[3] Plaintiff is free to file a proper Rule 59(e) motion to amend the judgment if additional facts, of which the Court is presently unaware, exist that would give rise to this Court's personal jurisdiction over Defendants.

Defendants' motions to dismiss based on lack of personal jurisdiction (Docket #8, Docket #23) are GRANTED. The dismissal is without prejudice. This order disposes of all outstanding motions.

CASE CLOSED.

Entered for the Court
this 6th day of October 2017

_____
Bobby R. Baldock
United State Circuit Judge
Sitting By Designation